terminal point over their own land, but it would be more expensive; and that a man named Cannington was in possession of the lot, and it was claimed by petitioner and Evans also. The errors alleged in the petition for *certiorari* were, that the ordinary erred in overruling the demurrer and in granting the application and appointing appraisers.

DeLacy & Bishop, for plaintiff in error.
Smith & Clements, *contra.*

---

KERCHNER & CALDER BROTHERS *v.* FRAZIER & BROTHER.

1. Where the movant for a new trial makes out a brief of evidence in due time and presents it for approval, and it is not approved until the next term of the court solely because the presiding judge fails sooner to satisfy himself of its correctness, the delay is the act of the court and not of the party; consequently such delay is no ground for dismissing the motion for a new trial.
2. There was no abuse of discretion in granting a first new trial.

March 26, 1892. Argued at the last term. *Judgment affirmed.*

New trial. Practice. Before Judge ROBERTS. Dodge superior court. February adjourned term, 1891.

A *fi. fa.* was levied, and a claim interposed. There was a verdict finding the property subject. The claimants moved for a new trial. By virtue of previous orders this motion was set down to be heard on January 5, 1891, but was not heard then, nor was the brief of evidence agreed upon or approved, as was required by previous orders setting the motion for hearing at that time, nor was the brief of evidence agreed upon or approved until the February adjourned term, held on May 9, 1891. Plaintiffs moved to dismiss the motion because there was no order of the court nor consent continuing the motion or setting the same for May 9, 1891, but the court overruled the motion to dismiss, holding that on February 17, 1890, when the grounds of the motion

v 89-8

were certified, counsel failing to agree upon the brief of evidence, this failure carried the case over to the regular term of the court without any further order, and that the brief of evidence could be approved by the court and was approved, counsel failing to agree. To this ruling refusing to dismiss the motion plaintiffs excepted. The orders of the court with reference to the motion for new trial, as they appear in the record, were an order of September 13, 1890, directing that the motion and brief of evidence be filed subject to future approval, and that the hearing be continued to November 12, 1890, at Eastman, or at such other time and place as might there be ordered by the court, either party having the same rights as if the hearing was had during the term of the court at which the case was tried; an order of November 12, 1890, continuing the hearing, by consent, to Wednesday after the second Monday in December, counsel failing to agree upon the testimony, at which time the motion would be heard and the brief of evidence corrected and approved; an order of December 10, 1890, that the motion be continued, under terms of the previous orders, until December 22, 1890, at which time and place the brief of evidence should be corrected and approved by the court; and an order of December 22, 1890, continuing the hearing until January 5, 1891. The brief of evidence was approved and ordered filed May 9, 1891, and the grounds of the motion certified and approved November 12, 1890. At the hearing the court ordered that the verdict be set aside and a new trial granted, and the plaintiffs excepted.

DeLacy & Bishop, for plaintiffs.

J. H. Martin, for claimants.